UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLOS M. GARCIA,

    Plaintiff,

v.                                                    CASE NUMBER:

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

    Defendant.
_____/

## **NOTICE OF REMOVAL**

Please take notice that Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum Life"), pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby removes this civil action from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

1.    On March 28, 2019, by electronic delivery through the Chief Financial Officer of the State of Florida, Unum Life was served with the summons and complaint filed by Plaintiff Carlos M. Garcia in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. A true and correct copy of the state court pleadings is attached to this notice as **Removal Exhibit 1**. A true and correct copy of the Notice of Service of Process is attached as **Removal Exhibit 2**. The attached exhibits comprise all process and pleadings served upon the removing defendant in this action.

2.    This removal is timely made within one year of the commencement of suit and within 30 days of service of process pursuant to 28 U.S.C. §1446(b) and (c).

**Diversity of Citizenship (28 U.S.C. §1332)**

3. Garcia has sued Unum Life for breach of contract (count I) and breach of installment contract (count II). The action involves Garcia's claim for total disability benefits under a disability policy issued by Unum Life, namely disability income policy bearing number 382970. *See Complaint* at ¶4. Plaintiff purports to have attached to the Complaint a copy of "an individual, non-cancellable Disability Income Policy of insurance" but his Exhibit A is, in fact, a Certificate of Coverage he received under a group disability policy issued to his employer, Carlos M. Garcia, M.D., P.A. *See* Plaintiff's Exhibit A, pp. 1, 6.

4. The Complaint alleges that the policy pays a monthly benefit of $6,000 for each month of "Total Disability" until Garcia's death. *See Complaint* at ¶7. It is alleged that Garcia "qualifies" for disability benefits under the policy "from July 14, 1988" until commencement of this action based on a disability that began May 30, 1995. *Id.* at ¶¶ 8, 11. Further along, the Complaint alleges monthly benefits were paid from May 30, 1995, until August 3, 2011, then discontinued. *Id.* at ¶¶ 13-14. As a result, Garcia has sued to recover, and thereby placed in controversy, the sum of $552,000. *Id.* at ¶17.

5. The citizenship of the parties is diverse. The Complaint alleges that Garcia resides in Hillsborough County, Florida, and that he entered into an insurance contract with Unum in 1988 in Hillsborough County. Garcia is a citizen of the State of Florida.

6. Unum Life is a citizen of the State of Maine. It was incorporated in the State of Maine and established its principal place of business and executive offices in Portland, Maine. *See* Plaintiff's Exhibit A, p. 9 (defining "Home Office"). Portland, Maine is where the

majority of Unum Life's employees are employed. 28 U.S.C. §1332(c)(1) (regarding citizenship of corporations).

7. Because Garcia is a citizen of the State of Florida, and Unum Life is a citizen of the State of Maine, complete diversity of citizenship exists within the meaning of 28 U.S.C. §1332, and the amount in controversy exceeds $75,000. Accordingly, 28 U.S.C. §1332 confers original jurisdiction and this civil action is removable to the U.S. District Court for the Middle District of Florida under 28 U.S.C. §1441(a).

### Federal Question (28 U.S.C. §1331)

8. This Court has original jurisdiction under 28 U.S.C. §1331 because the insurance policy at issue in this civil action was part of a plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1001 *et seq.* ERISA provides a "comprehensive remedial scheme" for the denial of employee benefits, including benefits under an insured plan. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F. 3d 1207, 2012 (11th Cir. 1999) (citing 29 U.S.C. §1332). "When Congress comprehensively occupies a field of law, any civil complaint raising this select group of claims is necessarily federal in character and thus furnishes subject-matter jurisdiction under 28 U.S.C. §1331." *Butero*, at 1211-12 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (internal quotation marks omitted).

9. As noted, Garcia purports to sue under an "individual, non-cancellable Disability Income Policy of insurance" but he has attached to his Complaint portions of a Certificate of Coverage under a group disability policy that was issued to his employer. *See* Plaintiff's Exhibit A, pp. 1, 6.

10. Attached as **Removal Exhibit 3** is a true and correct copy of the long-term disability plan document titled "Your Long Term Disability Plan" that was issued to Carlos M. Garcia, M.D., P.A. The final section of this plan document provides "Additional Claim and Appeal Information" that explicitly references ERISA, provides procedures for filing benefit claims and appeals, and confers discretionary authority for Unum Life, on behalf of the plan, "to make benefit determinations under the Plan." *See* Removal Exhibit 3, bates-stamped page UA-POL-LTD-000022. This final section was omitted from the document designated as Plaintiff's Exhibit A to the Complaint.

11. Unum Life has served Garcia with written notice of this removal and has filed a copy of this notice with the Clerk of the Circuit Court in and for Hillsborough County, Florida.

WHEREFORE, Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA respectfully requests that this civil action be entered upon the docket of the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted,

OGDEN & SULLIVAN, P.A.

    *s/Wm. Jere Tolton, III*
WM. JERE TOLTON, III, ESQUIRE
Florida Bar Number: 887943
jtolton@ogdensullivan.com
5422 Bay Center Drive, Suite 100
Tampa, Florida 33609-3420
(813) 223-5111
(813) 229-2336 Facsimile
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of April, 2019, I electronically filed the foregoing by electronic mail and by using the CM/ECF System which will send a Notice of Electronic Filing to the following: Lee Segal, Esquire, Segal & Schuh Law Group, P.L., 18167 U.S. Hwy. 19 North, Suite 100, Clearwater, Florida 33764, lee@segalschuh.com; lisa@segalschuh.com.

                                               *s/Wm. Jere Tolton, III*
WM. JERE TOLTON, III, ESQUIRE
Florida Bar Number: 887943
jtolton@ogdensullivan.com
OGDEN & SULLIVAN, P.A.
5422 Bay Center Drive, Suite 100
Tampa, Florida 33609-3420
(813) 223-5111
(813) 229-2336 Facsimile
Attorneys for Defendant